# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## FORT MYERS DIVISION

GLAMIRY I. GONZALEZ,

                Plaintiff,

-vs-                                                Case No. 2:10-cv-14-FtM-36SPC

MICHAEL J. ASTRUE,

                Defendant.

_____

## ORDER

This matter comes before the Court on the Plaintiff Glamiry I. Gonzalez's Motion and Application to Proceed *In Forma Pauperis* (IFP) (Doc. #2) filed on October 21, 2009 and the Court's Order to Show Cause (Doc. # 13) filed on April 22, 2010. The case was originally filed in the United States District Court for the Southern District of Florida on October 21, 2009 and subsequently transferred to this Court on January 13, 2010.

The Plaintiff seeks to proceed without the prepayment of filing fees pursuant to 28 U.S.C. § 1915. Under 28 U.S.C. § 1915(a), a District Court is allowed to authorize the commencement of a civil action without prepayment of fees and costs or the giving of security therefor, if the potential plaintiff has filed an affidavit that he is unable to pay such costs or give such security. Levy vs. Federated Department Stores, 607 F.Supp. 32 (S.D. Fla. 1984).

In accordance with 28 U.S.C. §1915, the Court must first examine the Plaintiff's Complaint, in its entirety, to determine whether an action should proceed based on the validity of the claim. The Court considers that the Plaintiff is proceeding *pro se* and therefore, reviews the Complaint (Doc.

#1) under a less stringent standard.  <u>Trawinski vs. United Technologies</u>, 313 F.3d 1295 (11th Cir. 2002).

Federal Rule of Civil Procedure 8(a) provides that a pleading which sets forth a claim of relief shall contain a "short and plain statement" in which the pleader is entitled to relief.  The Court finds that the Plaintiff's Complaint (Doc. #1) meets the minimal pleading requirement under Fed. R. Civ. P. 8.  Further, the Court finds that there are sufficient facts and information provided in the Complaint for the Defendant to frame a responsive pleading.

In reviewing the Plaintiff's Affidavit of Indigency (Doc. #2), the Plaintiff has provided a detailed account of her financial status.  The Court concludes that there is sufficient information regarding her financial status to find that the Plaintiff cannot pay costs without undue hardship. Therefore, the Court is convinced the Plaintiff's affidavit is sufficient to demonstrate economic justification for *in forma pauperis* status.

On April 22, 2010, the Court issued an Order to Show Cause (Doc. # 13) why the Plaintiff had not yet served the Defendant Commissioner of Social Security, Michael J. Astrue.  However, in reviewing the docket sheet, it appears that the Plaintiff's Petition to Proceed IFP had not yet been ruled upon and thus service did not take place.  Therefore,  no further action is needed on the Order to Show Cause.

Accordingly, it is now

**ORDERED:**

(1) The Plaintiff Glamiry I. Gonzalez's Motion and Application to Proceed *In Forma Pauperis* (IFP) (Doc. #2) is **GRANTED**. The Plaintiff shall serve the Commissioner within **twenty-one (21) days** of the filing of this Order.

(2) No further action is needed on the Order to Show Cause (Doc. # 13).

**DONE AND ORDERED** at Fort Myers, Florida, this ___26th___ day of April, 2010.

SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record